UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY HO,

    Plaintiff,

v.                                                Case No. 8:21-cv-2621-TPB-CPT

ELIZABETH M. WARREN, et al.,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT; and**

**VEXATIOUS LITIGANT ORDER**

This matter is before the *sua sponte*. Plaintiff Danny Ho has filed a *pro se* complaint against two federal district judges and the Clerk of Court. (Doc. 1). After reviewing the complaint, motion, court file, and the record, the Court finds as follows:

In this action, Ho attempts to sue the two federal judges and the Clerk of Court for what he calls "criminal obstruction of justice"[1] based on an alleged violation of Local Rule 1.03(b), which addresses the assignment of cases. The crux of his complaint is that his case was improperly transferred from Judge Scriven to Judge Jung.[2] This is nonsense. There is no available cause of action for an alleged violation of a local rule, and there is absolutely no relief that the Court could or would grant based on these allegations.

---

[1] Ho's inability to personally prosecute criminal charges does not warrant further discussion.
[2] Although Ho claims that the reassignment occurred before Judge Jung was appointed to the federal bench, a review of the docket plainly shows this to be false. Judge Jung received his commission on September 10, 2018. The case was reassigned on September 19, 2018.

Moreover, Judge Jung and Judge Scriven are judicial officers who are sued for acts in their roles as judges. They enjoy absolute judicial immunity from all acts taken in their judicial capacity. *See, e.g., McCree v. Griffin*, 2020 WL 2632329 (11th Cir. May 20, 2020); *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). The scope of judicial immunity is to be construed broadly. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is only subject to liability in the clear absence of all jurisdiction. That is not the case here. The claims against the federal judges are dismissed with prejudice based on their absolute judicial immunity.

This entire action is patently frivolous, and the complaint is dismissed without leave to amend.

## **VEXATIOUS LITIGANT ORDER**

When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources. Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue. In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

Judges have been generally successful in stopping parties represented by counsel from using the courts for improper purposes. However, *pro se* litigants who attempt to use the courts for improper purposes present a significant challenge to courts throughout the country. On one hand, courts must be open and available to all, including those who choose to represent themselves, and the law directs that *pro se* filings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). On the other hand, some experienced and savvy *pro se* litigants, proceeding in bad faith, understand this directive and attempt to exploit it to their advantage. Furthermore, the line between *pro se* parties struggling in good faith to pursue legitimate claims and those proceeding in bad faith with vexatious litigation is not always clear. As such, many courts choose to give *pro se* parties "the benefit of the doubt" and are reluctant to act even when there is evidence *pro se* parties are using the courts for improper purposes. Experienced and savvy *pro se* litigants also understand this judicial reluctance to act and attempt to exploit it to their advantage.

It is very clear that the plaintiff in this action is not proceeding in good faith and is attempting to use the courts for improper purposes. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F. 2d 1069, 1073 (11th Cir. 1986) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261-62 (2d Cir. 1984)). Judges have various tools available to address vexatious activities in their courts. These include, among other things, the ability to

strike pleadings, impose monetary sanctions, impose pre-filing screening requirements, and the power of contempt.  In most cases, the threats of monetary sanctions and reporting lawyers to bar regulatory authorities are sufficient to stop improper behavior.  However, those approaches do nothing to stop *pro se* litigants who are not members of the bar, or who have no assets and are, for practical purposes, judgment-proof.  For these individuals, admonishment by a judge or the imposition of a monetary sanction means nothing and does nothing to deter vexatious conduct.  In these cases, a more direct approach is required.

The Eleventh Circuit has recognized that the "All Writs Act" (28 U.S.C. § 1651) empowers federal district courts to enjoin parties from filing actions in judicial forums and otherwise restrict their filings.  *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *see also Martin-Trinoga v. Shaw*, 986, F.2d 1384, 1387 (11th Cir. 1993).  The Eleventh Circuit has affirmed various injunctions — such as pre-filing screening restrictions — against vexatious litigants.  *Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

When determining whether to enter an injunction against a *pro se* litigant, a district court should consider, among other factors: (1) the litigant's history of litigation, and in particular, whether it involved vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, including whether they have an objective good faith expectation of prevailing; (3) whether the litigant has caused needless expense to other parties or imposed an unnecessary burden on the courts and their personnel, and (4) whether other sanctions would be appropriate to

protect the interests of the courts and other parties. *Ray v. Lowder*, No. 5:02-cv-316-Oc-10GRJ, 2003 WL 22384806, at * 2 (M.D. Fla. Aug. 29, 2003).

Upon consideration of these factors, the Court concludes that Plaintiff Danny Ho is a vexatious litigant and that sanctions are appropriate. He cannot have an objective good faith expectation of prevailing on his claims. Ho is imposing unnecessary burden on the parties he is suing, and on the courts and their personnel. He is wasting valuable judicial resources with his frivolous filings. Moreover, Ho has been previously warned about his conduct but, apparently, does not care and continues to file frivolous lawsuits. *See Ho v. Lopano*, 8:18-cv-2802-CEH-SPF, 2019 WL 2247694, at *6 (M.D. Fla. May 24, 2019) (warning Ho that frivolous and vexatious litigation is unacceptable). In these circumstances, the Court finds it appropriate to enjoin Ho from filing any action, compliant, petition, or other document in the Middle District of Florida without first obtaining leave from the Middle District of Florida or the United States Court of Appeals for the Eleventh Circuit.

Where, as here, a litigant is obviously not proceeding in good faith, courts have no choice but to act. Courts are, understandably, reluctant to act decisively for fear of extinguishing the rights of *pro se* litigants to pursue legitimate claims. But this concern should not outweigh the rights of innocent parties that are forced to expend valuable time and resources defending claims that should never have been brought in the first place.

This is particularly true when dealing with savvy and experienced *pro se* litigants, such as Ho, who understand the legal system's reluctance to sanction them and use it to their advantage. These individuals engage in vexatious conduct that

would never be tolerated from even a first-year lawyer. As these *pro se* parties know from their own prior litigation experience, courts will generally give them the benefit of the doubt and there will be few or no consequences to their actions.

If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served. The results are disastrous and unfair to the parties and to the court system itself. Judicial time and resources are wasted responding to phone calls, e-mails, letters, and voluminous pleadings and filings of various sorts. These resources are, of course, diverted from legitimate, meritorious claims. But perhaps more importantly, parties defending claims brought by a *pro se* vexatious litigant are penalized because they are required to expend their own time and resources they can never get back even if the case is eventually dismissed, and they have no possibility of ever being compensated for their losses because the *pro se* litigant is judgment-proof. In this way, the vexatious litigant always wins – even if he "loses" his case.

Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith. They have an equally important responsibility to ensure courts are not abused for improper purposes.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff Danny Ho's complaint (Doc. 1) is **DISMISSED**, without leave to amend.

2. Danny Ho is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), and he is **ENJOINED** and **PROHIBITED** from filing any new document – including,

but not limited to, any action, complaint, petition, or motion – in the Middle District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

3. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Ho must attach to each and any such motion: (1) a copy of any proposed complaint, petition, or other document; (2) a copy of this Order; and (3) a certification – under oath – that there is a good faith basis for filing any complaint, petition, or other document.

4. In the event that the senior Magistrate Judge's review results in a finding that Ho's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file his case and assign in according to the normal procedures.

5. In the event that the senior Magistrate Judge's review results in a finding that Ho's action is frivolous, that action will not be filed with the Court but instead will be returned to Ho.

6. Should Ho violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

7. Ho is further warned that the continued submission of further frivolous filings may result in the imposition of additional sanctions, including monetary sanctions. *See* 28 U.S.C. § 1651.

8. The Clerk of Court shall send a copy of this Order to all divisions of the Middle District of Florida.

9. The Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of November, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**